Delos CURTIS, Plaintiff-Appellant,

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, LOCAL 299, and Yellow Freight System, Inc., Defendants-Appellees.**

No. 82–1622.

United States Court of Appeals, Sixth Circuit.

Argued June 21, 1983.

Decided Aug. 30, 1983.

———

Delos Curtis, pro se.

James P. Hoffa, Wayne Rudell (argued), Detroit, Mich., for Local 299.

F.R. Damm, Detroit, Mich., for Yellow Freight.

Before EDWARDS, Chief Judge, LIVELY, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Appellant Curtis was employed as a truck driver by Yellow Freight from January 21, 1977 until he was discharged after he was involved in a major truck accident on July 22, 1979. Curtis had previously filed a number of grievances with his employer concerning his probationary status, his seniority date, his assignment of work, which grievances were resolved in 1979. After the truck accident and Curtis's discharge, he filed a grievance with the Joint State Committee claiming he was discharged without just cause. The Committee upheld his discharge in August 1979 and in November denied his request for a rehearing.

Curtis also pursued complaints against union officers for their representation in these matters to the Michigan Teamster's Joint Council. On December 9, 1981 this body determined that he had failed to meet his burden of proof concerning his complaints about the discharge and other grievances. Prior to that action by the Michigan Teamster's Joint Council, Curtis had filed the instant suit as a complaint under Section 301 of the Labor Management Relations Act. This occurred in April 1981 approximately 18 months after his discharge and 17 months after the final Joint Council resolution but before the union board's final determination. On filing of the instant suit both Teamster Local 299 and Yellow Freight System filed motions for summary judgment based on the statute of limitations citing *Badon v. General Motors Corp.*, 679 F.2d 93 (6th Cir.1981) and *Chevron Oil*

*v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). District Judge Guy noted that no opposition to the summary judgment motions based on the statute of limitations had been filed before him and granted summary judgment.

This appeal must be dismissed because of failure of plaintiff or his counsel to file a response to defendant's motions for summary judgment as required by Rule 56, F.R. Civ.P. Rule 56(e) provides in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

This rule is dispositive under the facts of this case. We also note that the disposition in this case would have been consistent with the recent Supreme Court opinion in *DelCostello v. International Brotherhood of Teamsters, et al.* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 446 (1983). In *DelCostello,* the Supreme Court in a holding we deem to be factually on point said as follows:

> Each of these cases arose as a suit by an employee or employees against an employer and a union, alleging that the employer had breached a provision of a collective bargaining agreement, and that the union had breached its duty of fair representation by mishandling the ensuing grievance-and-arbitration proceedings. See *infra,* at 2290–2291; *Bowen v. United States Postal Service,* —— U.S. ——, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Hines v. Anchor Motor Freight,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). The issue presented is what statute of limitations should apply to such suits. In *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), we held that a similar suit was governed by a state statute of limitations for vacation of an arbitration award, rather than by a state statute for an action on a contract. We left two points open, however. First, our holding was limited to the employee's claim against the employer; we did not address what state statute should govern the claim against the union. Second, we expressly limited our consideration to a choice between two *state* statutes of limitations; we did not address the contention that we should instead borrow a *federal* statute of limitations, namely, § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). These cases present these two issues. We conclude that § 10(b) should be the applicable statute of limitations governing the suit, both against the employer and against the union. (Footnotes omitted).

The judgment of the District Court is affirmed.