**Norman E. EDWARDS and Bobby Wayne Mize, Plaintiffs-Appellants,**

v.

**SEA–LAND SERVICE, INC., et al., Defendants-Appellees.**

No. 81–2283.

United States Court of Appeals, Fifth Circuit.

Dec. 5, 1983.

---

Walter Jefferson, Steven L. Weathered, Houston, Tex., for plaintiffs-appellants.

Robert J. Attaway, Barlow & Attaway, Princeton, N.J., for Sea-Land Service.

Hicks, Gillispie, James & Agee, James L. Hicks, Jr., Dallas, Tex., for Intern. Broth. of Teamsters, et al.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before THORNBERRY, REAVLEY and RANDALL, Circuit Judges.

RANDALL, Circuit Judge:

Under section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185 (1976),[1] an employee may bring an action charging his employer with breach of a collective bargaining agreement, and his union with violating its duty of fair representation in mishandling the ensuing grievance. *Vaca v. Sipes,* 386 U.S. 171, 186–87, 87 S.Ct. 903, 914–15, 17 L.Ed.2d 842 (1967); *see Hines v. Anchor Motor*

---

1. Section 301(a) states:

(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a) (1976).

*Freight,* 424 U.S. 554, 567, 96 S.Ct. 1048, 1058, 47 L.Ed.2d 231 (1976). Neither section 301 nor any other section of the LMRA expressly designates the statute of limitations applicable to such *Vaca-Hines* actions.

In *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that the six-month statute of limitations provided by section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160 (1976), would apply to an employee's suit against an employer and a union under section 301 of the LMRA. The sole issue we must decide is whether *DelCostello* applies retroactively. We hold that it does and that the suit against Sea-Land Service, Inc. ("Sea-Land") and International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, Local No. 988 (the "Union") must be dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

On December 27, 1978, following several years of employment by Sea-Land, Norman E. Edwards and Bobby Wayne Mize (hereinafter collectively "Plaintiffs") received layoff notices pursuant to the terms of the collective bargaining agreement in effect between Sea-Land and the Union. On January 2, 1979, Plaintiffs filed contractual grievance reports protesting their layoff. On January 15, 1979, Sea-Land amended the reasons for its layoff notices. On April 1, 1980, Plaintiffs received notice that, pursuant to the collective bargaining agreement, their claims had been submitted to arbitration and denied. On April 21, 1981, Plaintiffs filed suit in the district court pursuant to section 301 of the LMRA, alleging that Sea-Land violated the collective bargaining agreement by laying off and ultimately dismissing them and that the Union violated its duty of "fair representation" by its manner of representing them in the contractual arbitration procedure. They also alleged that they were not reinstated because of age discrimination.

The district court dismissed Plaintiffs' claims against Sea-Land and the Union for lack of timeliness. Based on the Supreme Court's ruling in *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), we held that the Plaintiffs' claim against Sea-Land was governed by Texas' four-year "catch all" statute of limitations. Tex.Rev.Civ.Stat.Ann. art. 5529 (Vernon 1956). *Edwards v. Sea-Land Service, Inc.,* 678 F.2d 1276, 1290 (5th Cir. 1982). In the absence of guidance from the Supreme Court on the applicable statute of limitations as to the fair representation claim, we applied Texas' two-year statute of limitations applicable to tort actions. Tex.Rev.Civ.Stat.Ann. art. 5526 (Vernon 1982). 678 F.2d at 1292. Since the Plaintiffs in the present case had brought their collective bargaining/fair representation claims within thirteen months of the injuries complained of, we reversed the district court's dismissal of the suit against Sea-Land and the Union.

Following our decision, the Union petitioned for a writ of certiorari to the Supreme Court. During the pendency of that petition, however, the Supreme Court decided *DelCostello v. International Brotherhood of Teamsters, supra.* The Supreme Court, —— U.S. ——, 103 S.Ct. 3104, 77 L.Ed.2d 1360, acted upon the Union's petition for certiorari by vacating our earlier decision and remanding the case to the panel for reconsideration in light of *DelCostello.*

## II. RETROACTIVITY OF DelCOSTELLO.

As a general rule an appellate court must apply the law in effect at the time it renders its decision. *Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 486 n. 16, 101 S.Ct. 2870, 2879 n. 16, 69 L.Ed.2d 784 (1981); *United States v. Schooner Peggy,* 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801). Plaintiffs' *Vaca-Hines* suit against their employer and the Union is indistinguishable from the suits involved in *DelCostello.* Consequently, if *DelCostello* applies retroactively, section 10(b)'s six-month statute of limitations, rather than any state statute of limitations, applies to bar Plaintiffs' claims.

■ *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), sets forth three factors that we must consider to determine whether a civil statute of limitations applies retroactively. First, we must decide whether the decision establishes "a new principle of law, either by overruling clear past precedent on which the litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Chevron,* 404 U.S. at 106, 92 S.Ct. at 355. Second, we must look to the prior history of the decision in question, and to its purpose and effect, to ascertain " 'whether retrospective operation will further or retard its operation.' " *Id.* at 106–07, 92 S.Ct. at 355 (quoting *Linkletter v. Walker,* 381 U.S. 618, 629, 85 S.Ct. 1731, 1738, 14 L.Ed.2d 601 (1965)). Third, we must weigh "the inequity imposed by retroactive application." *Chevron,* 404 U.S. at 107, 92 S.Ct. at 355.

### A. The Change from Prior Law.

To determine whether *DelCostello* created a new principle of law by overruling clear past precedent or deciding an issue of first impression, we must compare *DelCostello* with prior law. If *DelCostello* wrought "an abrupt and fundamental shift in doctrine as to constitute an entirely new rule which in effect replaced an older one" on which Plaintiffs relied, retroactive application may be inappropriate. *Hanover Shoe v. United Shoe Machinery Corp.,* 392 U.S. 481, 498, 88 S.Ct. 2224, 2234, 20 L.Ed.2d 1231 (1968).

Prior to *DelCostello,* the Supreme Court had not determined the statute of limitations applicable to *Vaca-Hines* actions. In *International Union, United Automobile, Aerospace & Agricultural Implement Workers of America (UAW), AFL–CIO v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), the Supreme Court considered the limitations period for a different type of section 301 action,[2] and stated "that the timeliness of a § 301 suit, such as the present one, is to be determined as a matter of federal law, by reference to the appropriate state statute of limitations." *Id.* at 704–05, 86 S.Ct. at 1113. However, the Court specifically noted that it was not required to decide "[w]hether other § 301 suits different from the present one might call for the application of other rules of timeliness," and that it indicated "no view whatsoever on that question." *Id.* at 705 n. 7, 86 S.Ct. at 1113 n. 7.

Prior to the determination in *DelCostello* that the section 10(b) six-month statute of limitations applies to both the contract suit under section 301 and the fair representation claim, the circuits could not agree on whether the same statute of limitations governed both the action against the employer and the action against the union.[3]

**2.** *Hoosier Cardinal* involved an action by a union against an employer for damages caused by the employer's alleged breach of the collective bargaining agreement. The Court noted that "[s]uch an action closely resembles an action for breach of contract cognizable at common law." 383 U.S. at 705 n. 7, 86 S.Ct. at 1113 n. 7. Accordingly, the Court found the action governed by a six-year state limitation on actions based on oral contracts. *Id.* at 705–07, 86 S.Ct. at 1113–14. Unlike *Vaca-Hines* actions, such "a straightforward breach of contract suit under § 301" did not seek to overturn an arbitrator's award or otherwise challenge the private settlement of disputes. *DelCostello,* 103 S.Ct. at 2291; *see Mitchell,* 451 U.S. at 63 n. 5, 101 S.Ct. at 1564 n. 5.

**3.** *Compare Smart v. Ellis Trucking Co.,* 580 F.2d 215, 217, 219 (6th Cir.1978), *cert. denied,* 440 U.S. 958, 99 S.Ct. 1497, 59 L.Ed.2d 770 (1979); *Butler v. Local Union No. 823, Int'l Bd.* of Teamsters, 514 F.2d 442, 447–48 (8th Cir. 1975), *cert. denied,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975); *Kennedy v. Wheeling-Pittsburg Steel Corp.,* 81 L.R.R.M. (BNA) 2349, 69 CCH Labor Cases ¶ 12,980 (4th Cir.1972); and *Abrams v. Carrier Corp.,* 434 F.2d 1234, 1252 (2d Cir.1970), *cert. denied,* 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971) (applying same limitations period) *with Sanderson v. Ford Motor Co.,* 483 F.2d 102, 114 (5th Cir. 1973); and *De Arroyo v. Sindicato de Trabajadores Packinghouse,* 425 F.2d 281, 285–87 (1st Cir.), *cert. denied,* 400 U.S. 877, 91 S.Ct. 121, 27 L.Ed.2d 115 (1970) (applying different limitations periods). The circuits also could not agree whether to characterize the action against the union as a contract claim, *see, e.g., Butler,* 514 F.2d at 447–48; *Kennedy,* 81 L.R. R.M. (BNA) at 2349; *Abrams,* 434 F.2d at 1252–53; as a tort claim, *see, e.g., Smart,* 580 F.2d at 217 & n. 1; *Sanderson,* 483 F.2d at 114; *De Arroyo,* 425 F.2d at 285–87; or as a claim

This circuit had held that different statutes of limitations applied to the two actions composing hybrid section 301/fair representation claims. *See, e.g., Rigby v. Roadway Express, Inc.,* 680 F.2d 342, 344 (5th Cir. 1982).

From the time Plaintiffs' action arose until they filed suit, there was no clear precedent on which Plaintiffs could rely in waiting thirteen months to file their suit against Sea-Land. Texas has not assigned a specific limitation to arbitration actions arising from collective bargaining agreements and, prior to our vacated decision in this case, we had never addressed the question as to which Texas statute of limitations would be applicable to an action against an employer under section 301 of the LMRA. Although the four-year Texas statute of limitations for breach of contract, Tex.Rev. Civ.Stat.Ann. art. 5527 (Vernon 1982), had been applied to a section 301 claim in *Hensley v. United Transports, Inc.,* 346 F.Supp. 1108, 1115 (N.D.Tex.1972), this decision, from a district court other than that in which Plaintiffs filed suit, hardly constitutes "clear past precedent" as contemplated by *Chevron.*

The existence of precedent with regard to the fair representation claim, however, presents a greater problem. Prior to Plaintiffs' layoff, we held in *Sanderson v. Ford Motor Co.,* 483 F.2d 102, 114 (5th Cir.1973), that an employee's action against a union for fair representation should be governed by the state statute of limitations for tort actions. *See also Cox v. C.H. Masland & Sons, Inc.,* 607 F.2d 138, 143 (5th Cir.1979). Thus, with regard to the statute of limitations governing fair representation claims, *DelCostello* overrules past precedent, at least in this circuit.

*B. The Purpose of the* DelCostello *Ruling.*

We next examine whether retrospective operation of the Supreme Court's ruling in

based on a statute, *see, e.g., Gray v. International Ass'n of Heat & Frost Insulators, Local No. 51,* 416 F.2d 313, 316 (6th Cir.1969). Similarly, the circuits differed on whether to characterize the suit against the employer as based on tort, *see, e.g., Smart,* 580 F.2d at 219; writ-

*DelCostello* "will further or retard its operation." *Chevron,* 404 U.S. at 106–07, 92 S.Ct. at 355. The Supreme Court expressed three purposes underlying the *DelCostello* rule. First, the Court recognized "the need for uniformity" as one reason for rejecting the borrowing of diverse state statutes of limitations. *DelCostello,* 103 S.Ct. at 2294 (quoting *Mitchell,* 451 U.S. at 70, 101 S.Ct. at 1568 (Stewart, J., concurring in the judgment)); *see id.* at 2289. Second, the Court emphasized that state statutes of limitations for the vacation of arbitration awards, which *Mitchell* had held applicable, typically provide very short limitations periods, and thus failed "to provide an aggrieved employee with a satisfactory opportunity to vindicate his rights." *Id.* at 2291. Third, the Court reaffirmed that federal labor law favored "the relatively rapid final resolution of labor disputes," and rejected the adoption of long limitations periods which would allow grievance and arbitration decisions to be called into question long after the fact. *Id.* at 2292–93; *see Mitchell,* 451 U.S. at 63–64, 101 S.Ct. at 1564–1565. The Court concluded that the six-month limitations period of section 10(b) was best attuned to "the proper balance between the national interest in stable bargaining relationships and finality of private settlement, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system." *DelCostello,* 103 S.Ct. at 2294 (quoting *Mitchell,* 451 U.S. at 70–71, 101 S.Ct. at 1568 (Stewart, J., concurring in the judgment)).

In weighing these competing interests, the Third Circuit said:

We believe that [this balance] is best struck if *DelCostello* is applied retroactively. Given the uncertainty that has characterized the borrowing of state statutes of limitations for *Vaca-Hines* ac-

ten contract, *see, e.g., Butler,* 514 F.2d at 446– 47 & n. 3; or oral contract, *see, e.g., Kennedy,* 81 L.R.R.M. (BNA) at 2349; *see also Abrams,* 434 F.2d at 1252–53 (based on contract express or implied).

tions, simple application of section 10(b)'s statute of limitations will serve to increase the uniformity of treatment among similar claims. More important, the imposition of the six-month limitations period will promote the finality of grievance-arbitration decisions and prevent the belated raising of claims after years have passed. Finally, the retrospective application of section 10(b) will not undermine the goal of providing adequate opportunity for the employee to vindicate his rights, for the Court has determined, in effect, that six months is long enough. We thus find that the second *Chevron* factor counsels in favor of retroactivity.

*Perez v. Dana Corp., Parish Frame Division,* 718 F.2d 581, 588 (3d Cir.1983).

We believe this reasoning to be sound, and likewise conclude that this second criterion of *Chevron* favors *DelCostello*'s retroactive application.

### C. The Equities of Retroactive Application.

Finally, we must consider whether application of *DelCostello* to the Plaintiffs' suit would be inequitable. In *Chevron,* the Court noted the harshness of applying a statute of limitations retroactively to deprive a plaintiff of any remedy whatsoever. 404 U.S. at 107–08, 92 S.Ct. at 355–56. In *Chevron,* however, the superseding legal doctrine "was quite unforeseeable." *Id.* at 108, 92 S.Ct. at 356. The change of law in that case occurred after a year of costly discovery; here, Plaintiffs' suit was successfully challenged at the outset as untimely. *See Perez v. Dana Corp., Parish Frame Division, supra,* at 588. Finally, despite the fact that dismissal of their action will deprive the Plaintiffs of a remedy, we do not find that the Plaintiffs actually relied on established precedent in failing to safeguard their claims. As previously noted, no "clear past precedent" existed as to limitations on the section 301 claim. While *Cox v. C.H. Masland & Sons, Inc., supra,* and *Sanderson v. Ford Motor Co., supra,* may have established a tort statute of limita-

tions as to the fair representation claim, the Plaintiffs did not cite or rely upon these authorities in their briefs.

### III. CONCLUSION.

After examining the three *Chevron* factors, we conclude that, under the facts of this case, *DelCostello* should be applied retroactively to bar the Plaintiffs' claims. With reference to their section 301 claims, the Plaintiffs have failed to establish that *DelCostello* overruled "clear past precedent" on which they may have relied. Aware as we are of the possibility that Plaintiffs may have relied on the two-year limitation for torts as being applicable to the fair representation claim, this circuit has not found this factor to be most determinative as to whether a new rule of law shall be retroactively applied. We stated in *Williams v. Phil Rich Fan Manufacturing Co.,* 552 F.2d 596, 600 (5th Cir.1977), that " 'in deciding whether civil rules should be applied retroactively we think that the purpose of the rule should be given greater weight than the extent to which the parties relied on the law that existed before that rule was announced.' " (quoting *Matter of S/S Helena,* 529 F.2d 744, 748 (5th Cir. 1976)).

As *DelCostello* makes clear, the law on the limitations question in section 301 wrongful discharge and unfair representation cases has been in a state of confusion for some time. This circuit and other circuits, prior to *DelCostello,* had adopted various state statutes of limitations, depending on the peculiarities of the limitations law of the state in question and the arguments of counsel in the particular case. We do not believe that *DelCostello* represents the kind of "clean break" with past precedent contemplated in *Chevron.* *DelCostello* was merely a "clarification," an attempt to impose a single policy and a single rule in a legally chaotic situation. *DelCostello* was intended to resolve widespread confusion and conflict in the circuits concerning the applicable statute of limitations in these cases. We do not believe that a "clean break" results every time the Supreme

Court clarifies the law by resolving an issue on which there is circuit conflict and confusion. *See Lawson v. Truck Drivers, Chauffeurs & Helpers,* 698 F.2d 250, 254 (6th Cir.1983). "To so hold would reverse the regular common law rule, applied in *Chevron* ... that we should not normally have one law for old cases and another law for new cases." *Id.*

Finally, we note that other circuits have concluded that the *DelCostello* rule applies retroactively. *See Perez v. Dana Corp., Parish Frame Division, supra; Hand v. International Chemical Workers Union,* 712 F.2d 1350 (11th Cir.1983); *Storck v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local Union No. 600,* 712 F.2d 1194 (7th Cir.1983); *Curtis v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local 299,* 716 F.2d 360 (6th Cir.1983).

The judgment of the district court is AFFIRMED.