Pink GRAY and L.C. Robinson,
Plaintiffs-Appellants,

v.

AMALGAMATED MEAT CUTTERS
LOCAL 540 and Safeway Stores,
Inc., Defendants-Appellees.

No. 84–1096
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 20, 1984.

Les Weisbrod, Dallas, Tex., for plaintiffs-appellants.

Mullinax, Wells, Baab & Cloutman, G. William Baab, Dallas, Tex., for Amalgamated Meat Cutters Local 540.

Clark, West, Keller, Butler & Ellis, Allen Butler, Michael P. Maslanka, Dallas, Tex., for Safeway Stores.

Before TATE, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:

Plaintiffs appeal from the dismissal of their suit because of the running of the statute of limitations. *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) established a six-month limitations period for employees' suits against an employer and a union under section 301 of the LMRA. Plaintiffs argue that *Edwards v. Sea-Land Service, Inc.,* 720 F.2d 857 (5th Cir.1983) established that the retroactivity of *DelCostello* is to be determined on a case-by-case basis, and that the circumstances of this case militate against retroactive application. Plaintiffs' interpretation of *Edwards,* however, is incorrect. *Edwards* established that *DelCostello* is to be applied retroactively to all cases in our circuit. *See Farr v. H.K. Porter, Inc.,* 727 F.2d 502, 505 (5th Cir.1984); *Edwards,* 720 F.2d at 859 ("The sole issue we must decide is whether *DelCostello* applies retroactively. We hold that it does ....").

Accordingly, the judgment of the court below is AFFIRMED.