**In re MANVILLE FOREST PRODUCTS CORPORATION, Debtor.**

**Bankruptcy No. 82 B 11659.**

United States Bankruptcy Court, S.D. New York.

Feb. 25, 1985.

Bruce A. Burns, Burns, Hammer & Burns, New York City, C. Daniel Street, Bruscato, Loomis, Deal & Street, Monroe, La., for Evans Claimants.

Levin & Weintraub & Crames and Davis Polk & Wardwell, New York City, Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for Manville Forest Products Corp., debtor.

BURTON R. LIFLAND, Bankruptcy Judge.

Manville Forest Products Corporation ("MFPC") seeks summary judgment against certain claimants previously designated as "the Evans claimants" who have filed claims in these proceedings and who are plaintiffs in an action pending against MFPC in the United States District Court for the Western District of Louisiana. In that action they seek damages under § 301 of the National Labor Relations Act, 29 U.S.C. § 185 (1976), against both MFPC and the United Paperworkers International Union ("Union") for breach of their collective bargaining agreement and breach of the duty of fair representation, respectively. The allegations of the complaint in the Louisiana suit form the basis for the claims filed in this proceeding. Although the suit was timely when filed, the Supreme Court subsequently decided *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), which applied a six-month statute of limitations to an employee's suit against an employer and a union, alleging breach of the collective bargaining agreement by the employer and breach of the union's duty of fair representation. *Id.* at 2294. The parties concur that the only issue for decision in this motion is whether *DelCostello* should be applied retroactively.

*Factual Background*

On August 13, 1981, MFPC posted a notice informing the Evans claimants that they would be laid off. An additional notice was posted on August 14, 1981. On September 22, 1981, some employees filed a grievance regarding the exercise of their seniority rights. MFPC denied their grievance on October 16, 1981. On November 10, 1981, the Union finalized its decision not to arbitrate the Evans claimants' grievance. Thereafter on July 21, 1982, the Evans claimants filed suit in the Louisiana district court against MFPC and the Union as defendants.

The instant motion for summary judgment is based on MFPC's affirmative de-

fense of the statute of limitations. There are no material facts in dispute.

*Discussion of Law*

The parties concede that the validity of the Evans claims herein depends upon a finding that the Louisiana district court action was timely filed. The law in the Fifth Circuit clearly holds that their suit was barred by the statute of limitations.

Pursuant to § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1976), an action against an employer based upon an unfair labor practice must be commenced within six months of the alleged unfair labor practice. In *DelCostello*, the Supreme Court decided that the same statute of limitations should be applied to an unfair representation action against a union, based on the "similarity of the rights asserted in the two contexts." 103 S.Ct. at 2294. Prior to *DelCostello*, courts had utilized state statutes of limitations for determining the timeliness of unfair representation suits. *Id.* at 2287.

In the instant case, the unfair representation is alleged to have occurred in November 1981, when the Union voted not to arbitrate the claimants' grievance. The Evans claimants sued in the Louisiana district court eight months later on July 21, 1982. The action was timely commenced under the laws considered applicable at that time. Retroactive application of *DelCostello* would bar the Evans claims.

■ In a case four-square on point, *Edwards v. Sea-Land Service, Inc.*, 720 F.2d 857 (5th Cir.1983) it was held that *DelCostello* should be applied retroactively because it represented the state of the law at the time *Edwards* was presented for decision. *Id.* at 859. Seven months later, in *Gray v. Meat Cutters Local 540*, 736 F.2d 1055 (5th Cir.1984), the court stated: "Edwards established that DelCostello is to be applied retroactively to *all cases in our circuit.*" *Id.* at 1055 (emphasis added).

It is therefore totally mystifying in light of the clear voice of the Fifth Circuit that the Evans claimants assert that *DelCostello* should not be applied retroactively. In addition to the two Fifth Circuit decisions, the weight of authority in other circuits falls on the side of retroactivity. *See Graves v. Smith's Transfer Corp.*, 736 F.2d 819 (1st Cir.1984); *Murray v. Branch Motor Express Co.*, 723 F.2d 1146 (4th Cir. 1983); *Lincoln v. Machinists District 9*, 723 F.2d 627 (8th Cir.1983); *Rogers v. Lockheed-Georgia Co.*, 720 F.2d 1247 (11th Cir.1983); *Perez v. Dana Corp.*, 718 F.2d 581 (3d Cir.1983); *Hand v. Int'l Chemical Workers Union*, 712 F.2d 1350 (11th Cir. 1983). *But see Edwards v. Teamsters Local No. 36*, 719 F.2d 1036 (9th Cir.1983).

■ It is thus clear that the Evans claimants' suit is untimely. MFPC's summary judgment motion is granted. Accordingly, respondents' filed claims are disallowed.

It is so ordered.