762 F.2d 1005
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MAHMOOD A. ABDULLAN, PLAINTIFF-APPELLANT,
v.
TENNESSEE VALLEY AUTHORITY, ET AL., DEFENDANTS-APPELLEES.
 NO. 84-5437
 United States Court of Appeals, Sixth Circuit.
 4/30/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
 Before: CONTIE and WELLFORD, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Mahmood A. Abdullah appeals the district court order granting Tennessee Valley Authority's (TVA) motion for summary judgment and denying plaintiff's motion for partial summary judgment in his action pursuant to 42 U.S.C. Sec. 2000e-16(c). For the reasons that follow, we affirm.
 
 
 2
 On October 18, 1979, plaintiff, a black Muslim, was terminated from his position as a laborer with TVA, and filed a complaint alleging that the discharge was due to racial and religious discrimination. A hearing was held on August 8, 1980, and on January 12, 1981, the EEOC issued a decision finding that plaintiff had been discriminated against on the basis of religion and race. The examiner recommended that plaintiff be reinstated, receive back pay and benefits, and receive attorney fees. On February 12, 1981, TVA issued a final agency decision declining to adopt the examiner's conclusions. Plaintiff appealed to the EEOC Office of Review and Appeals which found that TVA had failed to enter a final decision within 30 days of the examiner's recommended decision as required by 29 C.F.R. Sec. 1613.220(d). Accordingly, the Commission vacated the February 12 TVA decision, held that the agency was bound by the examiner's decision, and ordered the agency to implement that decision.
 
 
 3
 On May 21, 1981, TVA filed a request to reopen which was denied on February 25, 1983 in a decision which remanded the case to TVA for findings in accordance with the following:
 
 
 4
 The agency has introduced an issue which was not before us earlier, viz., the inappropriateness of permanent reinstatement for appellant. We reject the failure to reinstate appellant on the basis of a projected, prospective RIP. We order that appellant be treated as if he had been reinstated as ordered. If the RIF did occur, then as a reinstated permanent employee, appellant shall receive in full those benefits he would have received had he not been discriminated against. Those benefits must make him whole to the same extent that others who were similarly situated but who had not been discharged were made whole, including bona fide efforts to transfer such employees into other positions.
 
 
 5
 We remand this case in part and order the agency to issue a new final agency decision on (1) the validity of the RIF with an investigation of appellant's allegations of irregularities, and (2) the relief awarded to appellant. Appellant's right to another appeal, if he so elects, is preserved on the same timeliness basis as before.
 
 
 6
 On or about March 17, 1983, TVA paid plaintiff back pay from October 18, 1979 to January 23, 1981.
 
 
 7
 On August 16, 1983, TVA issued a final agency decision which concluded that if plaintiff had not been discharged he would have been terminated in a reduction in force on February 20, 1981. Notices of the reduction in force indicated that those terminated would only be paid through January 23, 1981.
 
 
 8
 On September 12, 1983, Abdullah filed this action in district court pursuant to 42 U.S.C. Sec. 2000e-16 alleging that TVA had failed to comply with the Commission's order denying TVA's request to reopen. Abdullah contended that he would not have been subject to the reduction in force and that even if he was he would have been reassigned to a similar position. Plaintiff contended that he was due back pay to February 20, 1981, rather than January 23, 1981, and that he was continually subject to retaliation and discrimination because he had reapplied for a position with TVA and been repeatedly turned down. In short, Abdullah sought back pay, reinstatement, punitive damages, and attorney fees.
 
 
 9
 On November 8, 1983, plaintiff filed a motion for partial summary judgment on the issue of back pay from January 23, 1981 to February 20, 1981 and attorney fees. On January 16, 1984, TVA moved for summary judgment. The affidavit of TVA Employment Officer John Billingsley, Jr. indicated that employees terminated due to a reduction in force had no contractual reemployment rights. Further, the affidavit of Charlesetta R. Woodard-Thompson, TVA Director of Equal Opportunity Compliance, indicated that plaintiff filed no complaints of failure to rehire other than the complaint of October 18, 1979. Defendant also tendered documents showing that only two of the five employees terminated in the reduction in force were reemployed and that there was no way in which it could be anticipated whether plaintiff would have been reemployed.
 
 
 10
 On February 16, 1984, without a response from Abdullah the district court granted defendant's motion for summary judgment and denied plaintiff's motion for partial summary judgment. The court found no problem in TVA's reconstruction of the reduction in force and held that plaintiff's claims regarding failure to rehire would not be considered since plaintiff had failed to exhaust his administrative remedies.
 
 
 11
 On February 27, 1984, plaintiff moved to vacate the district court's judgment and requested until March 20, 1984 to file a brief. After plaintiff failed to file such a brief, the district court, on April 10, 1984, denied plaintiff's motion.
 
 
 12
 First, it is clear that Abdullah did not properly oppose defendant's motion in the district court. Fed. R. Civ. P. 56(e) provides:
 
 
 13
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
 
 
 14
 While the rule still requires the court to enter summary judgment only 'if appropriate,' plaintiff's failure to support the allegations of his complaint with affidavits renders those allegations conclusory and of no weight in our consideration of this motion. This court has strictly construed a party's obligation to respond to an adversary's motion for summary judgment. Curtis v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local 229, 716 F.2d 360, 361 (6th Cir. 1983); Locke v. Commercial Union Insurance Co., 676 F.2d 205, 206 (6th Cir. 1982). See First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968). Nevertheless, the district court is required 'to review the entire record before deciding whether to render a decision on the merits.' Smith v. Hudson, 600 F.2d 60, 64 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979).
 
 
 15
 Second, plaintiff raises several arguments on appeal which were not properly presented initially to the district court. These include the claim that plaintiff was not given proper notice of the reduction in force. 'In the interests of judicial economy and the finality of judgments, and mindful of our role as an appellate court, we have declined to review arguments not presented to the district court in the first instance.' Sigmon Fuel Co. v. Tennessee Valley Authority, 754 F.2d 162, 164 (6th Cir. 1985).
 
 
 16
 '[O]n a motion for summary judgment the movant has the burden of showing conclusively that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion.' Smith, 600 F.2d at 63.
 
 
 17
 Plaintiff contends he is due back pay from January 23, 1981 to February 20, 1981. The record clearly indicates that plaintiff and four other employees would have been terminated in the reduction in force to take place on February 20, 1981. Notices to the employees who actually were terminated indicate that although February 20 was their termination date, they would only be paid through January 23, 1981. The Commission's order only requires that plaintiff be placed in a position he would have been in but for the illegal discharge. Since the evidence suggests that plaintiff would have been terminated on the same terms as the other employees, the district court properly concluded that no genuine issue of fact existed with respect to this issue, and appropriately denied plaintiff's motion and granted defendant's.
 
 
 18
 Likewise, defendant presented evidence that terminated employees have no contractual reemployment rights, that it was not inevitable that plaintiff would have been reemployed and because of the circumstances in which the employees were rehired, it would be impossible to predict what would have happened with respect to the plaintiff. While it is true that 'an employer who has practiced racial discrimination in employment may [not] avoid redressing the wrong inflicted on the ground that the resulting injury is not capable of precise measurement,' Hairston v. McLean Trucking Co., 520 F.2d 226, 232-33 (4th Cir. 1975), and that uncertainty should be resolved against the employer, id. at 233, to hold that plaintiff would have been rehired is pure speculation. For when an employment position is eliminated, the plaintiff's right to relief generally terminates. Edwards v. School Board of the City of Norton, Virginia, 658 F.2d 951, 956 (4th Cir. 1981). It appears clear, therefore, that TVA placed plaintiff, as accurately as possible, in the position he would have held had he not been illegally discharged. In the absence of contrary evidence from plaintiff on this point, the record reveals no genuine issue of material fact.
 
 The complaint in this case alleged:
 
 19
 The plaintiff has reapplied to TVA on numerous occasions since his discharge and has been rejected because of his race, black, and his religion, Muslim. . . .
 
 
 20
 It is clear that exhaustion of administrative remedies prior to bringing a civil action is required. Ray v. Freeman, 626 F.2d 439, 442 (5th Cir. 1980), cert. denied, 450 U.S. 997 (1981). 'Discrete acts of discrimination which occur after the filing of an EEOC complaint must first be reviewed administratively before such acts may serve as the basis for a finding of discriminatory conduct justifying remedial action by the court.' Id. In this case, prior resort to administrative remedies would not be futile since plaintiff's previous complaint was resolved in his favor at the administrative level, leading to an uncontested award of back pay which is not the subject of this action. Therefore, the district court correctly granted summary judgment on these claims.
 
 
 21
 Accordingly, the judgment of the district court is AFFIRMED.