**Mark COOPER, Plaintiff,**

v.

**UNITED TRANSPORTATION UNION, Defendant.**

**No. 90–CV–71362.**

United States District Court,
E.D. Michigan, S.D.

Feb. 19, 1991.

Gary A. Benjamin, Shrauger, Dunn & Aronson, P.C., Detroit, Mich., Clinton J. Miller, III, United Transp. Union, Cleveland, Ohio, for plaintiff.

C. Thomas Wilson, Nelson, Wilson & Wilson, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on defendant's motion for summary judgment. Defendant's motion was filed on December 13, 1990. Under a liberal interpretation of the Fed.R.Civ.P. and this court's local rules, plaintiff should have filed a response on or before December 27, 1990. On February 8, 1991, plaintiff filed a late response without leave of Court. In the interest of justice, plaintiff's late response has been considered.

### FACTS

This action was brought by plaintiff on May 24, 1990, alleging a breach of duty of fair representation. Plaintiff was terminated from his employment by the Grand Trunk Railroad on November 14, 1985 for insubordination and failure to comply with written and verbal instructions from his train master.

The defendant union took plaintiff's grievance through the established grievance process and finally to the public law board. The grievance process was conducted from the date of termination, November 14, 1985, through a final decision by the board on November 28, 1988. During the process, the union attempted to resolve the dispute and obtained an offer of leniency from the railroad. On October 6, 1986, the union sent plaintiff a leniency reinstatement agreement wherein the railroad offered to put plaintiff back to work without back pay or any further appeal. This agreement was sent to plaintiff at his mother's address at 12940 Foley, Detroit, Michigan. This address was used because plaintiff had lived with his mother at that

address for a period of time. The address had been provided by plaintiff to the defendant union because, according to plaintiff, "my mother's address was stable. She had been there maybe 10, 15 years, I guess. So I figured that was stable." (Plaintiff's Deposition, at 19).

Plaintiff asserts that he had no knowledge of the offer of leniency until his attorney began conducting discovery for a state court action filed on November 10, 1988. However, in his deposition, plaintiff admitted that the Foley address on the October 6, 1986 letter of leniency was correct. According to plaintiff, had the letter gone to that address, he would have received the letter and offer of leniency from his mother. *Id.* at 33.

Defendant union suggests that plaintiff's claims are clearly barred by the applicable statute of limitations which include a 6–month statute of limitation that begins to run when the claimant knows or should have known of the union's alleged breach of the duty of fair representation. Defendant submits that plaintiff failed to timely file this action within the 6–month period. Accordingly, defendant moves for summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers,* 779 F.2d 1146 (6th Cir.1986); Fed.R.Civ.P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *United States v. Diebold,* 368 U.S. 894, 82 S.Ct. 171, 7 L.Ed.2d 91 (1962); *Cook v. Providence Hosp.,* 820 F.2d 176, 179 (6th Cir.1987); *Smith v. Hudson,* 600 F.2d 60 (6th Cir.1979), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2512. Although summary judgment is disfavored, this motion may be granted when the trial would merely result in delay and unneeded expense. *Poller v. Columbia Broadcasting Systems, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *A.I. Root Co. v. Computer/Dynamics, Ind.,* 806 F.2d 673, 675 (6th Cir.1986). Where the non-moving party has failed to present evidence on an essential element of their case, they have failed to meet their burden and all other factual disputes are irrelevant; thus, summary judgment is appropriate. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (Footnote omitted)).

## OPINION

Upon review of defendant's motion for summary judgment and the attached deposition exhibits, this Court concludes that no genuine issues of material fact exist for trial. For the reasons which follow, defendant's motion for summary judgment is hereby granted.

▮ Deposition exhibits and the deposition testimony in this case indicate that, in fact, the defendant union had obtained an apparent resolution of this matter for plaintiff. The offer of leniency letter dated

October 6, 1986 was sent to plaintiff at his mother's address. This address was the correct address according to plaintiff and the only address on file with the defendant union. Moreover, further attempts to contact plaintiff with respect to this matter were also unsuccessful. Ironically, plaintiff inquired about his case on September 21, 1987. In his letter, plaintiff indicated his address was 25034 West Eight Mile Road in Southfield, Michigan. Plaintiff's correspondence was referred to the general chairman of defendant, Bruce Wigent, who replied to plaintiff's letter by way of a copy of a letter sent by Bruce Wigent to the International Union President. (Defendant's Motion for Summary Judgment, at 4; Deposition Exhibit 8). The copy of the letter makes reference to the offer of reinstatement with leniency. The letter was addressed to plaintiff at the Southfield address listed on plaintiff's letter of inquiry. Plaintiff acknowledged receipt of that letter dated October 9, 1987. (See Plaintiff's Deposition, at 38–39).

A six-month statute of limitation exits in actions for breach of duty of fair representation against unions. *Del Costello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The Sixth Circuit has also recognized this same rule. *Curtis v. Teamsters*, 716 F.2d 360 (6th Cir.1983). This statute of limitation begins to run when plaintiff knew or should have known of defendant's alleged breach of duty of fair representation. *Shapiro v. Cook United, Inc.*, 762 F.2d 49 (6th Cir.1985). In this instance, the time period would begin upon plaintiff's learning the union had obtained the offer of leniency and reinstatement effectively settling the matter.

Since this action was filed by plaintiff on May 24, 1990, knowledge of the offer of leniency prior to December 24, 1989 would mean that this lawsuit was filed more than six months after any alleged misrepresentation.

This Court concludes that plaintiff had knowledge of the offer of leniency prior to December 24, 1989. Either through notification by the defendant on October 6, 1986, or from Bruce Wigent's letter dated October 9, 1987. Even if such knowledge was first obtained by plaintiff during discovery in a State court case filed in November of 1988, plaintiff would have discovered the offer prior to December 24, 1989. Accordingly, plaintiff's claim against the defendant union for alleged misrepresentation is barred by the applicable statute of limitations.

## CONCLUSION

Based upon the foregoing, this Court hereby GRANTS defendant's motion for summary judgment.

IT IS SO ORDERED.

## JUDGMENT

IT IS ORDERED AND ADJUDGED that this action is hereby DISMISSED pursuant to the Memorandum Opinion and Order dated February 19, 1991.