Alan J. BRAND, Plaintiff,

v.

HANCOCK MANF. CO., INC.,
et al., Defendants.

No. 97CV886.

United States District Court,
S.D. Ohio,
Eastern Division.

March 3, 1999.

Robert James D'Anniballe, Jr., Alpert, D'Anniballe & Visnic, Weirton, WV, for plaintiff.

Daniel L. Bell, Brouse & McDowell, Akron OH, for Hancock Manufacturing Co., Inc.

Charles R. Armstrong, Akron, OH, for United Steel Workers of America.

### ORDER AND OPINION

MARBLEY, District Judge.

This matter is before the Court on Defendants' Motions for Summary Judgment. Plaintiff Alan J. Brand brings this action alleging breach of collective bargaining agreement by his employer, Defendant Hancock Manufacturing Co., Inc. ("Hancock"), and failure to represent by Defendant United Steelworkers of America ("Union"). For the following reasons Defendants' Motions for Summary Judgment are hereby **GRANTED.**

## I.

Plaintiff was employed by Hancock and was a member of and represented by the Union. In 1995, Plaintiff accumulated an excess number of absences and was terminated. On September 1, 1995, however, Plaintiff and the Union negotiated and executed a "last chance agreement" with Hancock allowing Plaintiff to resume work on a probationary basis. One of the conditions of Plaintiff's probationary employment was that he could not miss the amount of days necessary to classify him as a *chronic absentee* as defined in the Hancock Absenteeism Policy ("Policy"). According to the Policy, an employee is considered a chronic absentee if he "incurs more than three absences within a rolling six calendar month period...." If during this probationary period Plaintiff were to be classified as a chronic absentee, his probationary employment would be terminated. This condition was to continue for a three year period—from April 2, 1996 through April 2, 1999.

Between April 2, 1996 and April 2, 1999, within a rolling six month calendar period, Plaintiff accumulated four absences, classifying him as a chronic absentee. Plaintiff's absenteeism constituted a violation of his probationary employment as set forth in the last chance agreement. A hearing was held on or about January 30, 1997, giving Plaintiff an opportunity to explain his absences and to discuss the possibility of his discharge. Representatives from Hancock and the Union attended the hearing. The following day, Hancock orally informed Plaintiff of his termination. Hancock officially committed Plaintiff's termination to writing on February 3, 1997. As late as March 1, 1997, Plaintiff received notice from the Union that the period to file a grievance in regard to his termination expired on February 24, 1997.[1] Subsequently, no grievance or any other action was taken by the Union on behalf of Plaintiff.

Plaintiff filed this Complaint in the Ohio Court of Common Pleas of Jefferson County on July 8, 1997, alleging that Hancock violated the last chance agreement when it termi-

nated his employment. On August 5, 1997, Hancock removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. On November 10, 1997, Plaintiff filed an Amended Complaint pursuant to FED.R.CIV.P. 15(a). In the Amended Complaint, Plaintiff names Hancock and the Union as Defendants. Plaintiff maintains that Hancock breached the last chance agreement by terminating his employment and that the Union failed to represent his interests fairly during the hearing and subsequent termination. On, July 27, 1998 and July 31, 1998, respectively, Defendants filed Motions for Summary Judgment.

## II.

FED.R.CIV.P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A.,* 12 F.3d 1382, 1388–89 (6th Cir.1993). The nonmoving party must then present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.,* 8 F.3d 335, 339–40 (6th Cir.1993). "[S]ummary judgment will not lie if the dispute is about a material fact that is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (summary judgment appropriate when

---

1. Although the record reflects some confusion as to the expiration date of Plaintiff's right to initiate grievance proceedings; at oral argument the

parties agreed that the proper expiration date is March 1, 1997. This date also serves as the date the statute of limitations began to accrue.

the evidence could not lead a trier of fact to find for the non-moving party).

In evaluating such a motion, the evidence must be viewed in the light most favorable to the non-moving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find for the non-moving party. *See Anderson,* 477 U.S. at 251, 106 S.Ct. 2505; *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir.1995).

## III.

██ Pursuant to the Labor Management Relations Act, this case is properly classified as a hybrid § 301 action. A hybrid § 301 action presents two constituent claims: (1) a claim of breach of collective bargaining agreement against an employer; and (2) a claim against a union for breach of its duty of fair representation. *See DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 164, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *White v. Anchor Motor Freight, Inc.,* 899 F.2d 555, 559 (6th Cir.1990). The claims in a hybrid § 301 action are interdependent. *See Hines v. Anchor Motor Freight,* 424 U.S. 554, 570–71, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). Therefore, "to prevail against either the company or the union, [the employee] must not only show that their discharge was contrary to the [collective bargaining] contract but must also carry the burden of demonstrating breach of duty by the union." *Id.; Perry v. Million Air,* 943 F.2d 616, 619 (6th Cir.1991). Unless a plaintiff demonstrates both violations, he cannot succeed against either party. *See Bagsby v. Lewis Bros. Inc. of Tennessee,* 820 F.2d 799, 801 (6th Cir. 1987).

██ An unfair labor practice charge brought under § 301 of the National Labor Relations Act, 29 U.S.C. § 185, is governed by a six month statute of limitations as set forth in § 10(b). *See* 29 U.S.C. § 160(b). Similarly, in a hybrid § 301 action, a six month statute of limitations applies. *See DelCostello,* 462 U.S. at 172, 103 S.Ct. 2281; *Curtis v. International Brotherhood of*

*Teamsters,* 716 F.2d 360 (6th Cir.1983). The six month statute of limitations accrues from the date that the plaintiff "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Nida v. Plant Protection Association National,* 7 F.3d 522, 525 (6th Cir.1993) (*citing Shapiro v. Cook United, Inc.,* 762 F.2d 49, 51 (6th Cir.1985)).

In this case, Plaintiff filed his original Complaint on July 8, 1997, in the Ohio Court of Common Pleas of Jefferson County. In this Complaint Plaintiff alleged that Hancock violated the terms of the last chance agreement. On November 11, 1997, Plaintiff filed an Amended Complaint, adding a claim against the Union for failure to represent his interests fairly. The coexistence of the claims against Hancock and the Union, by definition, make this action a hybrid § 301 action. Defendants claim, however, that the six month statute of limitations applicable in hybrid § 301 actions had expired on the claim against the Union prior to the filing of the Amended Complaint.

In a hybrid § 301 action, the six month statute of limitations accrues from the date that the plaintiff "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Nida,* 7 F.3d at 525. Here, the statute of limitations on Plaintiff's claim began to run on March 1, 1997—the date which Plaintiff discovered or should have discovered that his right to grieve his termination had expired. Accordingly, Plaintiff had six months from March 1, 1997, to file this hybrid § 301 action.

██ Although Plaintiff filed a claim against Hancock within the six month statute of limitations, Plaintiff did not bring his claim against the Union until the filing of the Amended Complaint November 11, 1997— after the expiration of the statute of limitations. Therefore, the crucial issue is whether the Amended Compliant relates back to the original date of filing.

Rule 15(c) of the Federal Rules of Civil Procedure governs whether a party's amended pleading relates back to the original date of filing. Under Rule 15, not all amended

pleadings will relate back to the original filing date. An amendment will not relate back if it adds or changes the party to the action without giving the new party adequate notice of the action as set forth in Rule 4(m). *See* FED.R.CIV.P. 15(c)(3). Under Rule 4(m), service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint or the action will be dismissed as to the defendant not receiving such service. *See* FED.R.CIV.P. 4(m). Therefore, in order for an amended pleading that adds new parties to relate back to the original filing date, service must be made within 120 days after the filing of the original complaint.[2]

In this case, the original Complaint was filed on July 8, 1997, and the Amended Complaint was filed on November 11, 1997. This is more than 120 days after the original Complaint was filed. Thus, pursuant to Rule 15(c)(3) Plaintiff's Amended Complaint will not relate back to the original filing date. Accordingly, the claim against the Union was brought after the expiration of the statute of limitations and is time-barred.[3]

As noted above, a hybrid § 301 action requires a plaintiff prove both breach of the collective bargaining agreement by the employer *and* failure to represent fairly by the union. Because Plaintiff's claim against the Union is time-barred, Plaintiff cannot satisfy the second prong of the hybrid test, a fact fatal to Plaintiff's § 301 cause of action.[4] *See White v. Anchor Motor Freight, Inc.,* 899 F.2d 555, 559 (6th Cir.1990). In *White* the Court of Appeals was unequivocal that "if the

first claim anchored in the employer's alleged breach of the collective bargaining agreement fails, then the breach of duty of fair representation claim against the union must necessarily fail with it." *Id.* at 559. Based on the *White* reasoning, there is no basis on which plaintiff can rest a hybrid § 301 claim.

Therefore, Defendants' Motions for Summary Judgment are hereby **GRANTED**.

**IT IS SO ORDERED.**

---

**2.** Rule 6(a) governs the computation of time. This Rule provides: "In computing any period of time prescribed or allowed by these rules ... the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday ..." Thus, weekends are included in the computation, provided that the last day does not fall on such weekend.

**3.** Because the Court finds Plaintiff's action against the Union is time-barred, the Court does not reach the merits of Plaintiff's contention that the Union failed to represent him adequately.

**4.** Even assuming, *arguendo*, that Plaintiff's claim against the Union is not time-barred, Plaintiff has not demonstrated that Hancock violated the col-

lective bargaining agreement (last chance agreement); thus, he has also failed to establish the first prong of a hybrid § 301 analysis. It is undisputed that Plaintiff was absent from work on four occasions during a rolling six calendar month period; Plaintiff confirmed this at oral argument. Accumulating more than three absences within a six month period classified Plaintiff as a chronic absentee under the Hancock Absenteeism Policy. And, pursuant to the last chance agreement, classification as a chronic absentee gives Hancock the right to terminate Plaintiff's employment. By his own admission, Plaintiff violated the letter and the spirit of the last chance agreement and cannot interpose any valid defense to his termination. Plaintiff cannot, therefore, sustain an action against Hancock and consequently cannot sustain a hybrid § 301 action.