714 F.2d 150
 113 L.R.R.M. (BNA) 3816, 98 Lab.Cas. P 10,482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Clifford B. Ernst, Jr., Plaintiff-Appellant
v.
Indiana Bell Telephone Company, Inc., and Communications
Workers of America, Local 5703, Defendant-Appellees.
 
 No. 83-1192.
 United States Court of Appeals, Seventh Circuit.
 July 28, 1983.
 Before CUMMINGS, Chief Judges, BAUER, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 
 PER CURIAM
 
 1
 We affirm the district court's judgment dismissing the plaintiff's complaint, which alleges violations of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) (1947), and Section 503(a) of the Rehabilitation Act, 29 U.S.C. § 793(a) (1978).
 
 
 2
 * On April 20, 1979, Plaintiff Ernst worked installing telephone equipment beyond his 5:00 p.m. scheduled quitting time. While returning from the jobsite after midnight, Ernst was involved in a motor vehicle accident and seriously injured his right ankle and foot. Defendant Indiana Bell Telephone Company characterized Ernst's injuries as "off-the-job." As a result, Ernst was not paid for the overtime he worked that night and was placed on a medical disability benefit program under which he was eligible for payments for one year. Because he had not recovered sufficiently by the end of that year to return to work, Ernst was dismissed from employment in April 1980. If Ernst's injuries had been classified as "work-related," then he would have continued as an employee and remained indefinitely eligible for disability benefits.
 
 
 3
 In August 1979, Defendant Communications Workers of America, Local 5703 (CWA) filed two grievances regarding the Company's post-accident treatment of Ernst. One grievance protested denial of overtime pay, the other protested Ernst's placement on the "off-the-job" benefit program. CWA representatives pursued both grievances through two stages with Company representatives. CWA then recommended that the overtime pay grievance be submitted to arbitration.
 
 
 4
 After the decision was made to arbitrate, but before the hearing, Ernst was dismissed from employment. The CWA attorney representing Ernst decided against filing a grievance regarding that termination, instead relying on the overtime pay grievance to settle all issues. Ernst did not request a termination grievance.
 
 
 5
 In January 1981, the arbitrator heard the overtime grievance. On May 13, 1981, the arbitrator ruled in favor of the Company and dismissed the grievance in its entirety.*
 
 
 6
 This suit was commenced on April 9, 1982. Ernst alleges that the Company wrongfully discharged him and that CWA breached its duty of fair representation in handling his grievances. Ernst also alleges that his termination violated the Rehabilitation Act.
 
 II
 
 7
 Ernst does not seriously press upon us, and we cannot find, any genuine issue of material fact requiring a trial in this case. Ernst's evidence does not conflict materially with the defendants' evidence. The closest Ernst comes to establishing a triable factual issue is his allegation that "[t]here is conflicting information concerning Ernst's treatment by the Union concerning negotiating with Indiana Bell for an appropriate job after Ernst's disabling injury and [the Union's] refusal to formally arbitrate his termination of employment." (Appellant's br. at 11.) the District court ruled that the record revealed only that the Union acted diligently and properly at every turn. (R. 21(6).) Our examination of the record leads us to the same conclusion. There is no hint anywhere in this case that the Union's behavior approaches a breach of its duty to fairly represent its member. See Superczynski v. P.T.O. Services, Inc., 706 F.2d 200, 202-03 (7th Cir.1983).
 
 III
 
 8
 Ernst does not have a private right of action under Section 503(a) of the Rehabilitation Act, 29 U.S.C. § 793(a) (1978). Simpson v. Reynolds Metals Co., 629 F.2d 1226, 1237-38 (7th Cir.1980). Thus, the district court's dismissal of that portion of Ernst's complaint was proper.
 
 IV
 
 9
 Ernst argues that the district court incorrectly applied Indiana's ninety-day statute of limitations, mischaracterizing the suit as a request to overrule the arbitrator. Ind.Code § 34-4-2-13 (1969). Ernst contends that the court instead should have applied the contract limitations period. Ind.Code § 34-1-2-2 (1981). This issue has been settled for us by the United States Supreme Court's decision in DelCostello v. International Brotherhood of Teamsters, 51 U.S.L.W. 4693; 4696-98 (1983). The DelCostello Court held that the six-month statute of limitations provided in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1947), applies in the circumstances presented in this case. Because this action was filed eleven months after the end of arbitration and nearly two years after Ernst's dismissal, it is untimely.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This appeal originally was decided by an unpublished order on July 28, 1983, pursuant to Circuit Rule 35. The Court has decided to issue the decision as an opinion
 
 
 *
 In January 1981, Ernst applied for workers' compensation. On July 19, 1982, the Industrial Board of Indiana ruled that Ernst's injuries were work-related and awarded compensation