**John MURRAY, Appellant,**

v.

**BRANCH MOTOR EXPRESS COMPANY and Local 557, International Brotherhood of Teamsters, Appellees.**

**No. 82–1202.**

United States Court of Appeals, Fourth Circuit.

Submitted Oct. 3, 1983.

Decided Dec. 20, 1983.

*United States National Bank v. Chase National Bank,* 331 U.S. 28, 34, 67 S.Ct. 1041, 1044– 1045, 91 L.Ed. 1320 (1947).

Harry Goldman, Jr., Richard P. Neuworth, Baltimore, Md., for appellant.

James A. Matthews, Jr., Francis M. Milone, James F. Anderson, Morgan, Lewis & Bockius, Philadelphia, Pa., Frank W. Stegman, Gebhardt & Smith, Baltimore, Md., for Branch Motor Exp. Co.

Bernard W. Rubenstein, Carl S. Yaller, Edelman & Rubenstein, P.A., Baltimore, Md., for Local 557, International Brotherhood of Teamsters.

Before WINTER, Chief Judge, CHAPMAN, Circuit Judge, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

After John Murray was discharged by Branch Motor Express Company, his union filed a grievance on his behalf. When the parties failed to resolve the dispute, the matter was submitted to arbitration. The arbitrator concluded that Murray's discharge was proper in an award dated April 22, 1976.

On September 13, 1978, Murray filed an action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, charging Branch with breach of the collective bargaining agreement, and the union with breach of its duty of fair representation by mishandling the matter. The district court granted summary judgment for Branch and the union because, in addition to the claim's lack of merit, the action was barred by Maryland's 30-day statute of limitations for vacation of arbitration awards which was made applicable by *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). While Murray's appeal was pending, the Supreme Court held that the six-month statute of limitations contained in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160, applies to actions brought by an employee for breach of contract and breach of fair representation. *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

Generally, "an appellate court must apply the law in effect at the time it renders its decision." *Thorpe v. Housing Authority of the City of Durham*, 393 U.S. 268, 281, 89 S.Ct. 518, 525, 21 L.Ed.2d 474 (1969). *See United States v. Schooner Peggy,* 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801). Murray contends, however, that *DelCostello* should not be applied retroactively, relying on *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971).

We are persuaded by *Perez v. Dana Corp.*, 718 F.2d 581 (3d Cir.1983), that *Del-Costello* should be applied retroactively.* In that case, the court found that, applying the *Chevron* test, the six-month statute of limitations was not an abrupt and fundamental shift in a doctrine on which the plaintiff relied because the prior law was erratic and inconsistent. The court also found that the purpose of the *DelCostello* rule and the equities of the plaintiff's case required retroactive application of the decision. We can only add that the equities of the instant case, including the fact that Murray waited almost 29 months to file suit, do not change our conclusion. Murray's claims against Branch and the union are barred by the six-month statute of limitations, and the judgment of the district court dismissing the action is affirmed.

---

* The Seventh and Eleventh Circuits, without discussion of the issue, have applied *DelCostello* retroactively. *Ernst v. Indiana Bell Telephone Co., Inc.*, 717 F.2d 1036 (7th Cir.1983); *Hand v. International Chemical Workers Union*, 712 F.2d 1350 (11th Cir.1983). *See also Curtis v. International Brotherhood of Teamsters, Local 299*, 716 F.2d 360 (6th Cir.1983) (dicta).