762 F.2d 1219
 119 L.R.R.M. (BNA) 2697, 103 Lab.Cas. P 11,503
 Philip DelCOSTELLO, Appellant,
v.
LOCAL 557, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA
and Anchor Motor Freight, Inc., Appellees.
and
International Brotherhood of Teamsters, Chauffeurs and
Warehousemen and Helpers of America, Defendant.
 No. 84-1742.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 10, 1985.
Decided June 4, 1985.
 
 William H. Zinman, Baltimore, Md., for appellant.
 Bernard W. Rubenstein, Baltimore, Md. (H. Victoria Hedian, Edelman & Rubenstein, P.A., Baltimore, Md., on brief), and Mark V. Webber, Cleveland, Ohio (Bernard S. Goldfarb, Karen N. Moellenberg, Goldfarb & Reznick, Cleveland, Ohio, on brief), for appellees.
 Before HALL, SPROUSE and SNEEDEN, Circuit Judges.
 K.K. HALL, Circuit Judge:
 
 
 1
 Philip DelCostello appeals from an order of the district court granting summary judgment in favor of defendants, Local Union No. 557 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (the "union") and Anchor Motor Freight, Inc. ("Anchor"). The district court concluded that DelCostello's action, which he brought against his union for breach of its duty of fair representation and against Anchor for breach of contract, was barred by a six-month statute of limitations. We agree and accordingly affirm.
 
 I.
 
 2
 This case has a lengthy history, which includes a previous appeal to this Court and a decision by the United States Supreme Court. In June, 1977, plaintiff, a member of the union, was terminated from his employment as a truck driver for Anchor. DelCostello claims that he was wrongfully discharged. Anchor, on the other hand, maintains that he voluntarily quit.
 
 
 3
 Following his termination, DelCostello filed a grievance against Anchor, which was heard on July 19, 1977, by the Eastern Conference Automobile Transporters Joint Committee ("Conference Committee") and decided in the employer's favor. DelCostello received a copy of the adverse arbitration decision a day or two later. On August 20, 1977, he received a copy of the minutes of the July hearing and a letter from the local union's business agent, Arthur Morningstar, advising him that his failure to suggest corrections would result in the minutes being approved as they are. DelCostello's subsequent request for assistance in preparing a response to the minutes was rebuffed by Morningstar. In a letter dated September 14, 1977, DelCostello notified the union president and the Conference Committee that he believed the grievance decision was unsupported by the evidence and that he was dissatisfied with the union's representation. Neither the Conference Committee nor the union ever responded to this letter. According to DelCostello, at a December, 1977, union meeting when he asked Morningstar for an answer to this correspondence, Morningstar sarcastically replied, "You got your answer." DelCostello claims that he then realized for the first time that he had no further hope of winning his grievance.
 
 
 4
 On March 16, 1978, nearly eight months following the July 19, 1977, grievance hearing, DelCostello filed this action pursuant to Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Secs. 151, 185, in the district court sitting in Maryland. In his complaint, he alleged that Anchor had discharged him in violation of the applicable collective bargaining agreement and that the union had breached its duty of fair representation in the ensuing grievance proceedings. Defendants thereafter moved for summary judgment, claiming, inter alia, that the action was barred by Maryland's thirty-day limitations period for vacating arbitration awards. This argument was initially heard in March, 1981, and rejected by the district judge, who concluded that the three-year state statute of limitations for contract actions was applicable. DelCostello v. International Brotherhood of Teamsters, 510 F.Supp. 716 (D.Md.1981).
 
 
 5
 Following this decision, the Supreme Court held in United Parcel Service v. Mitchell, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), that New York's ninety-day statute of limitations to vacate arbitration awards, instead of its six-year statute of limitations for contract actions, was the appropriate state statute of limitations for Sec. 301 actions brought against an employer.[1] In light of Mitchell, the district court reconsidered and held that plaintiff's action was barred by Maryland's thirty-day statute of limitations. DelCostello v. International Brotherhood of Teamsters, 524 F.Supp. 721 (D.Md.1981). This Court affirmed that ruling, DelCostello v. International Brotherhood of Teamsters, 679 F.2d 879 (4th Cir.1982) (mem.), and DelCostello petitioned the Supreme Court for a writ of certiorari. The Court agreed to hear the case along with a companion case from the Second Circuit, United Steelworkers of America v. Flowers.[2]
 
 
 6
 In its decision in these two cases, the Supreme Court held that the applicable statute of limitations for breach of contract/duty of fair representation cases was the six-month limitations period for filing an unfair labor practice charge under Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The Court, concluding that the six-month statute of limitations applied to claims arising against both employers and unions, reversed the Flowers case, which was filed more than ten months after plaintiff's cause of action had accrued. DelCostello's case, however, was remanded to determine whether "certain events operated to toll the running of the statute of limitations until about three months before [plaintiff] filed suit." 103 S.Ct. at 2294. We subsequently remanded the case to the district court for proceedings consistent with the Supreme Court's opinion. DelCostello v. International Brotherhood of Teamsters, 716 F.2d 247 (4th Cir.1983).
 
 
 7
 On remand, the district court held that the six-month statute of limitations barred DelCostello's action and granted summary judgment for the union and Anchor. DelCostello v. International Brotherhood of Teamsters, 588 F.Supp. 902 (D.Md.1984). The district court concluded that "as of July 19, 1977, the plaintiff knew or should have known of the acts by the union representative which constitute the alleged violation of his rights," and that a few days later, when he learned of the denial of his grievance, he knew of the acts by Anchor which allegedly violated his rights. 588 F.Supp. at 908. The district court further concluded that there were no facts which would support plaintiff's argument that the statute of limitations had been tolled. Finally, the district court rejected DelCostello's related argument that defendants' conduct represented a continuing violation of their fiduciary duties. The district court noted in this regard that the union had neither deliberately caused the plaintiff to refrain from filing suit until after the statute elapsed nor misrepresented post-hearing procedures.
 
 
 8
 This appeal followed.
 
 II.
 
 9
 On appeal, DelCostello's primary contention is that the district court erred in applying the six-month limitations period retroactively in his case. Appellant further argues that the union has waived its right to assert a defense based on the statute of limitations; that in any event, he filed within six months from the accrual of his cause of action; that the conduct of the union operated to toll the statute of limitations to a reasonable time beyond September 20, 1977, the date the Conference Committee should have considered his response; and that the conduct of the employer and union constitutes a continuing violation of their fiduciary duty which renders the suit timely. We find no merit in any of these contentions.
 
 
 10
 Addressing first the retroactivity question, we find instructive this Court's decision in Murray v. Branch Motor Express Co., 723 F.2d 1146 (4th Cir.1983), where we applied the Supreme Court's DelCostello decision retroactively in another Maryland case. In Murray, as in the instant case, the district court had held that under Mitchell Maryland's thirty-day statute of limitations for vacating arbitration awards was applicable and barred plaintiff's Sec. 301 claims against his union and employer. Murray appealed and, while his appeal was pending, the Supreme Court's decision in DelCostello was announced.
 
 
 11
 In addressing whether the DelCostello decision should be applied retroactively, we stated that we were persuaded by the Third Circuit's decision in Perez v. Dana Corp., 718 F.2d 581 (3d Cir.1983), and concluded that retroactive application of the six-month statute of limitations was appropriate to bar Murray's claim. In Perez, the court had applied the Supreme Court's test for retroactive application of a new decision established in Chevron v. Huson, 404 U.S. 97, 106, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) (citations omitted):
 
 
 12
 First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, it has been stressed that "we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." .... Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."
 
 
 13
 Like Murray, DelCostello was on notice at the time his suit was filed that Maryland had a thirty-day limitations period which arguably governed his action as the appropriate state statute of limitations. Because there was no clear past precedent indicating that a longer statute of limitations was available, we find under Chevron and our decision in Murray, that retroactive application of the six-month rule is appropriate in this case to bar plaintiff's claims.[3]
 
 III.
 
 14
 We further conclude that DelCostello's remaining contentions are meritless for the reasons expressed by the district court. DelCostello v. International Brotherhood of Teamsters, 588 F.Supp. 902 (D.Md.1984).
 
 IV.
 
 15
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 In Mitchell, the union had not appealed; therefore, the question of whether the same ninety-day limitations period should apply to claims against the union was not addressed. The question of whether a federal limitations period should be borrowed from Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), was addressed by an amicus in Mitchell and discussed in the concurring opinion of Mr. Justice Stewart, but was not considered by the Court's majority, because the argument had not been advanced by the parties
 
 
 [2]
 In Flowers, the Court of Appeals for the Second Circuit had held that plaintiff's action against his employer was barred by New York's ninety-day statute of limitations for actions to vacate arbitration awards but that his claim against his union was governed by New York's three-year statute for malpractice actions. Flowers v. Local 2602 of United Steelworkers of America, 671 F.2d 87 (2d Cir.1982)
 
 
 [3]
 We note that the Supreme Court under similar circumstances did not hesitate to apply retroactively its just-announced six-month rule in DelCostello' § companion case, Flowers. Like the plaintiffs in Murray and the instant case, Flowers faced the possibility of being barred by a short state limitations period, in that case ninety days
 Moreover, we see no conflict between our decision in the instant case and this Court's decision in Zemonick v. Consolidation Coal Co., 762 F.2d 381 (4th Cir. 1985). In Zemonick, the majority concludes that retroactive application of DelCostello's six-month rule is not warranted in a West Virginia case brought pursuant to Sec. 301, because West Virginia, unlike Maryland, New York, and many other states, has no statute specifically applicable to suits to overturn arbitration awards. There, the plaintiff had filed suit within thirteen months of the date his cause of action accrued. At the time his suit was filed, there was clear past precedent from this Circuit that West Virginia's five-year statute of limitations for oral contracts governed his action. Kennedy v. Wheeling-Pittsburgh Steel Corp., 81 L.R.R.M. 2349, 69 CCH Labor Cases p 12,980 (4th Cir.1972). See also Howard v. Aluminum Workers International Union, 589 F.2d 771 (4th Cir.1978).