**Edward J. MEADOWS, Plaintiff,**

v.

**The EATON CORPORATION and United Steelworkers of America, Defendants.**

**Civ. A. No. 83–0051.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Aug. 7, 1986.

Charles B. Phillips, Phillips & Doherty, Salem, Va., for plaintiff.

Alton B. Prillaman, Jolly, Place, Fralin & Prillaman, Roanoke, Va., C. Barry Anderson, Goldsmith & Anderson, Radford, Va., Frank Shuler, Cooper, Mitch & Crawford, Birmingham, Ala., for defendants.

## OPINION

TURK, Chief Judge.

This labor case comes before the court on defendants' motion for summary judgment. In this hybrid § 301/DFR action, plaintiff alleges that he was wrongfully terminated by his employer and unfairly represented by his Union. Both defendants have moved the court for summary judgment on the basis that this action is time-barred. For the reasons stated below, defendants' motion is granted.

## I. FACTS

The pertinent facts in this case are not in dispute. Plaintiff Edward J. Meadows ("Meadows") was employed by defendant Eaton Corporation ("Eaton") for nearly twelve (12) years beginning in 1968. On June 10, 1979, Meadows was seriously injured in an automobile accident. Pursuant to the Collective Bargaining Agreement between Eaton and defendant United Steelworkers of America ("Union"), Meadows was entitled to a maximum of eight (8) months sick leave during the agreement year of September 1, 1979 through August 31, 1980.

Meadows used his sick leave from June 11, 1979 through April 30, 1980.[1] He then took two (2) additional months of personal leave. See Meadows Deposition, p. 15. After returning to work July 3 and 7, he failed to report on July 8. Instead, he maintained that these two days of work "interrupted" the accumulated eight (8) months of sick leave and entitled him to additional sick leave, even though the original agreement year had not yet expired. Eaton disagreed and terminated Meadows on July 18, 1980.

The Union then filed a grievance protesting Meadows' termination. After processing the grievance through the third step, however, the Union withdrew the grievance and refused to insist on arbitration due to a "lack of merit" in the Meadows case. See Brief of Defendant Union, p. 4. On September 19, 1980, Local Union President Flinchum notified Meadows that his grievance had been withdrawn.

Plaintiff filed a claim against both Eaton and the Union on January 5, 1983,[2] in the Circuit Court for the City of Salem, Virginia. Defendants promptly removed the case. After limited discovery, they have now renewed their motion for summary judgment, alleging that plaintiffs' suit is untimely.

## II. ANALYSIS

### A. *The* DelCostello *Rule*

On June 8, 1983, approximately five (5) months after Meadows filed this suit, the United States Supreme Court announced its decision in *DelCostello v. International Board of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In *DelCostello*, the Court held that the six (6) month statute of limitations embodied in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applies to "hybrid suits" by an employee against his employer and Union under § 301. Using this six-month yardstick for measuring timeliness, Meadows' suit is clearly time-barred.

### B. *Retroactive Application of* DelCostello

Notwithstanding the holding of *DelCostello*, Meadows urges the court not to apply that decision retroactively so as to bar his suit. He maintains that, prior to *DelCostello*, suits under § 301 were timely if brought within that state's "most analogous" statute of limitations period under

---

**1.** Meadows' sick leave taken prior to September 1, 1979 was apparently not credited against him during the 1979–80 agreement year.

**2.** There has been some confusion as to whether Meadows filed the bill of complaint on January 5 of 1982 or 1983. A subpoena issued to defendant Union by the Circuit Court is dated January 5, 1982. See Petition for Removal, Exhibit A. This appears to be a typographical error for several reasons. The Petition for Removal, which must be filed within (30) days of the complaint, was filed in this Court on January 27, 1983. Additionally, all counsel agreed at oral argument that this action was filed in 1983.

state law. *See United Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). Meadows argues that the Virginia statutes which are "most analogous" to a § 301 action are § 8.01–246(2) (1984 Repl.Vol.) and § 8.02–246(4) (1984 Repl.Vol.), which prescribe limitation periods for written and oral contracts of five (5) and three (3) years, respectively.[3] Meadows concludes that since he filed his suit in reliance on pre-*DelCostello* caselaw, it would be inequitable to retroactively shorten the time period in which he is permitted to sue.

For several reasons, the Court cannot accept Meadows' contentions. First, virtually every Circuit has held that the *DelCostello* rule must be applied retroactively as a matter of law. Second, even if retroactive application of *DelCostello* is not automatic, it is nevertheless required in this case based on the three part test of *Chevron Oil v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

### 1. *Automatic Retroactive Application of* DelCostello

At one time, virtually everyone agreed that the uniform six-month statute of limitations announced in *DelCostello* was to always be applied retroactively. *See Barnett v. United Air Lines,* 738 F.2d 358, 362 (10th Cir.), *cert. denied,* 469 U.S. 1087, 105 S.Ct. 594, 83 L.Ed.2d 703, (1984); *Welyczko v. U.S. Air, Inc.,* 733 F.2d 239, 241 (2d Cir.), *cert. denied,* 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984); *Gray v. Amalgamated Meat Cutter Local 540,* 736 F.2d 1055 (5th Cir.1984); *Lincoln v. District 9, International Association of Machinists,* 723 F.2d 627, 630 (8th Cir.1983). One reason *DelCostello* was given retroactive application so routinely was the Supreme Court's application of the new rule in *Del-Costello* itself. As the Sixth Circuit noted:

If the Supreme Court had not intended for *DelCostello* to apply retroactively, the Court easily could have reserved this issue or could have applied the statute of limitations prospectively.... By applying the statute ... to extinguish the claim in the case before the Court, we feel the Supreme Court demonstrated its intent to apply *DelCostello* retroactively. *Smith v. General Motors Corp.,* 747 F.2d 372, 375 (6th Cir.1984) (en banc).

■ The Fourth Circuit and this court have also held that *DelCostello* must be applied retroactively. In *Murray v. Branch Motor Express Co.,* 723 F.2d 1146, 1148 (4th Cir.1983), the court held, without further elaboration, that the six-month limitation period from "*DelCostello* should be applied retroactively." And in *Pettry v. Lynchburg Foundry Co.,* No. 82–0091–L (W.D.Va. October 5, 1983) [Available on WESTLAW, DCTU database], this court held that *DelCostello* must be applied retroactively because it did not overrule "clear past precedent" on which plaintiffs might have relied in instituting their suit. *See also Chevron Oil v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

### 2. Zemonick: *No "West Virginia Exception"*

At oral argument, counsel for Meadows argued that this court should follow the Fourth Circuit's recent ruling in *Zemonick v. Consolidated Coal Co.,* 762 F.2d 381 (4th Cir.1985). In *Zemonick,* eleven West Virginia plaintiffs filed suit in July 1981, approximately thirteen (13) months after an arbitrator upheld their discharge. The employees asserted a hybrid § 301/DFR claim against their employer and Union. *Id.* at 382.

In a 2–1 decision, the Fourth Circuit held that *DelCostello* could not be applied retroactively to these West Virginia plaintiffs.[4]

---

**3.** Defendants concede that were either of these Virginia statutes to apply to the case at bar, Meadows' suit would be timely.

**4.** In a forceful and well-reasoned dissent, Judge Ervin chided the majority for not applying *Del-Costello* retroactively. Ervin argued first that

the Supreme Court already resolved the question in *DelCostello* when it applied the new rule retroactively in that case. *Zemonick,* 762 F.2d at 389–90 (Ervin, J., dissenting). Alternatively, Judge Ervin maintained that retroactivity should also be applied under the *Chevron* test.

It held that "with respect to West Virginia plaintiffs, *DelCostello* represented an abrupt change from what appeared to have been settled law" and therefore should be given prospective effect only under these facts. *Id.* at 383. The court noted that prior to *DelCostello*, West Virginia plaintiffs were clearly given a full five (5) years to pursue hybrid actions under § 301. *Compare United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) (in § 301 actions, courts should borrow from state law the most analogous period of limitations) *with Kennedy v. Wheeling-Pittsburg Steel Corp.*, 81 L.R.R.M. 2349, 69 CCH Labor Cases P 12,980 (4th Cir.1972) (West Virginia statute of limitations most analogous to § 301 claim is five-year limitation on oral contracts). Thus, a "West Virginia exception" was created to the general rule that *DelCostello* must invariably be applied retroactively.

Meadows urged this court at oral argument to follow *Zemonick* and formulate an exception to the *DelCostello* and *Murray* rules for Virginia plaintiffs as well. Meadows maintained that the pre-*DelCostello* law in Virginia was also clear and entitled him to rely on either the three or five-year statutes for oral and written contracts, respectively. *See Howard v. Aluminum Workers International*, 589 F.2d 771 (4th Cir.1978) (plaintiff's suit against Union for unfair representation was "most analogous" to tort action in Virginia, where claim was "not entangled" with contract claim against the employer).

■ This court cannot accept Meadows' contentions for two reasons. First, the entire panel of the Fourth Circuit reversed *Zemonick* less than two weeks ago. *Zem-*

*onick v. Consolidated Coal Co.*, 796 F.2d 1546 (4th Cir.1986) (en banc) (per curiam), *rev'g* 762 F.2d 381 (1985). With three judges dissenting, the panel voted to affirm the dismissal of the plaintiffs' suit. The court declined in a brief opinion to give additional reasons for the reversal, since the rationale was "adequately reflected in [Judge Erwin's] dissenting opinion...."[5] Second, even if a "West Virginia exception" does still exist in this Circuit,[6] it must be narrowly construed and should not be extended to all cases arising out of Virginia. In short, any application of the factors enunciated in *Chevron v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), also requires dismissal of Meadows' case.

## III. CONCLUSION

Borrowing the analysis from Judge Ervin's dissent in *Zemonick*, Meadows' case must be dismissed. First, the Supreme Court already resolved the issue of retroactivity in *DelCostello*. *See* 382 F.2d at 389–90 (Ervin, J., dissenting). Second, even if an independent analysis of retroactivity must be conducted under *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), *DelCostello* must be given retroactive effect on these facts.

Defendant's motion for summary judgment shall be granted in an order to be entered this date.

---

Id. at 390–97. Finally, Judge Ervin expressed disagreement with the majority's rejection of the views of numerous other Circuits. In his words, he saw "no reason ... to join the lonely position taken by the Ninth Circuit" that *DelCostello* need not be applied retroactively in all cases. *Id.* at 397 (Ervin, J., dissenting).

**5.** *See supra* footnote 4.

**6.** In two other cases since the original *Zemonick* decision, the Fourth Circuit reaffirmed the prin-

ciple that an exception existed for West Virginia plaintiffs. *See Carpenter v. West Virginia Plate Glass, Inc.*, 763 F.2d 622 (4th Cir.1985); *Triplett v. Brotherhood of Railway, Airline and Steamship Clerks*, 763 F.2d 625 (4th Cir.1985). Since the en banc reversal in *Zemonick* incorporated the dissenting views of Judge Ervin, it appears that the rationale behind these two subsequent holdings disappeared as well.