**AMERICAN AIRLINES, INC.**

v.

**Cynthia METZLER, Acting Secretary of the United States Department of Labor.**

**Civil Action No. 4:94–CV–594–Y.**

United States District Court,
N.D. Texas,
Fort Worth Division.

April 8, 1997.

considered as a factor by this Court. *See also* Defendants' Exhibit Affidavit of Mr. Lalonde's Attorney.

Edmund Glen Johnson, Kelly, Hart & Hallman, Fort Worth, TX, John C. Fox, Craig A. Selness, Allison B. Hubbard, Fenwick West, Palo Alto, CA, for Plaintiff.

Jonathan Watkins, U.S. Dept. of Justice, Employment Litigation Section, Washington, DC, Jay D. Adelstein, U.S. Dept. of Justice, Civil Rights Division, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

MEANS, District Judge.

Pending before the Court is a Motion for Summary Judgment filed by plaintiff American Airlines, Inc. ("American") on March 29, 1995 (doc. # 28). Also pending before the Court is a Motion for Summary Judgment filed by defendant the United States Department of Labor ("the DOL") on October 3, 1995 (doc. # 41). Having carefully considered the motions, the supporting and opposing briefs, and the applicable law, the Court finds that American's Motion for Summary Judgment should be GRANTED and the DOL's Motion for Summary Judgment should be DENIED.

### I. Background Facts

On February 9, 1989, the DOL's Office of Federal Contract Compliance Programs ("the OFCCP") notified American, a federal contractor, that American's Nashville, Tennessee facility had been selected for a compliance review pursuant to section 503 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 793 (" § 503"). Upon conducting this review, the OFCCP concluded that American had violated § 503 by discriminating against 96 applicants for employment during 1988 and 1989 based on their disabilities.[1]

On April 29, 1994, the OFCCP filed an administrative complaint against American

alleging that "American violated section 503 when it failed to hire 96 applicants because of the results of their pre-employment medical examinations." (Def.'s Statement of Undisputed Facts at 2.) The OFCCP sought make-whole relief, including back pay and instatement with retroactive seniority. On September 2, 1994, American filed the instant action seeking a declaratory judgment that the OFCCP had exceeded its authority in bringing the Administrative Action against American and seeking injunctive relief preventing the OFCCP from proceeding with the Administrative Action.

Both parties agree that there are no material facts in dispute in this action and that the only remaining issues are issues of law. The Court, therefore, finds that summary judgment is appropriate.

### II. The Motions for Summary Judgment

The DOL's Motion for Summary Judgment asks the Court to dismiss American's complaint "on the ground that section 503 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 793, prohibits discrimination against qualified individuals with disabilities as well as requires Federal contractors such as American to take affirmative action to employ and advance in employment qualified individuals with disabilities." (Def.'s Mot. for Summ. J. at 1.) American's motion seeks summary judgment on the issue of whether the OFCCP has the authority to prosecute American for alleged disability discrimination pursuant to § 503 of the Rehabilitation Act. While there are other issues raised by American's complaint, the Court will confine its analysis to the specific issues raised in these two motions.

### III. Analysis

Prior to the October 29, 1992 amendments,[2] section 503 provided that:

the issues posed in the pending motions, accordingly, the Court need not address it here.

1. American contends that the 96 individuals had applied for "safety-sensitive" positions and that their disabilities posed a substantial risk of harm to themselves, their co-workers, and/or members of the flying public. The question of whether the 96 individuals were qualified for the jobs at American's Nashville facility is not relevant to

2. The 1992 amendments made several substantive changes to § 503. American is alleged to have discriminated, however, in 1989; therefore, the 1992 amendments are not applicable to this action.

(a) Any contract in excess of $2,500.00 entered into by any Federal department or agency for the procurement of personal property and nonpersonal services (including construction) for the United States shall contain a provision requiring that, in employing persons to carry out such contract, the party contracting with the United States shall take affirmative action to employ and advance in employment qualified handicapped individuals as defined in section 706(7) of this title . . . .

(b) If any handicapped individual believes any contractor has failed or refused to comply with the provisions of his contract with the United States, relating to employment of handicapped individuals, such individual may file a complaint with the Department of Labor. The Department shall promptly investigate such complaint and shall take such action thereon as the facts and circumstances warrant, consistent with the terms of he contract and the laws and regulations applicable thereto.

29 U.S.C. § 793(a) and (b).

The DOL contends that this statute gives it the authority to administratively prosecute American for disability *discrimination.* The Court, however, disagrees. Although the DOL's interpretation of § 503 "is entitled to some deference, 'this deference is constrained by [the Court's] obligation to honor the clear meaning of a statute, as revealed by its language, purpose, and history.' " *Southeastern Community College v. Davis,* 442 U.S. 397, 411, 99 S.Ct. 2361, 2369, 60 L.Ed.2d 980 (1979) (quoting *Teamsters v. Daniel,* 439 U.S. 551, 566 n. 20, 99 S.Ct. 790, 800 n. 20, 58 L.Ed.2d 808 (1979)). The Court today holds that § 503, prior to the 1992 amendments,[3]

did not itself prohibit disability discrimination nor did it mandate affirmative action in favor of individuals with disabilities.

In *Rogers v. Frito–Lay, Inc.,* 611 F.2d 1074 (5th Cir.), cert. denied, 449 U.S. 889, 101 S.Ct. 246, 66 L.Ed.2d 115 (1980), the Fifth Circuit addressed the question of whether § 503 provided a disabled individual with a private right of action against a federal contractor. The court in Rogers compared § 503 with § 504,[4] which does provide a private right of action, and concluded that no private right of action existed under § 503. Section 503:

> merely requires those who give out federal contracts to obligate contractors to take affirmative steps to employ and advance handicapped persons. The duty it directly creates is imposed upon federal departments and agencies, not upon contractors. . . . [W]hat is apparent is that those who control federal contracts have a duty to make and enforce contracts containing the requisite clause.

*Rogers,* 611 F.2d at 1079–80. The court in *Rogers* further held that "section 503 does not outlaw discrimination; it requires affirmative action covenants to be inserted in government contracts." *Id.* at 1083.

The DOL argues that the legislative history of § 503 supports the conclusion that it prohibits discrimination as well as requires affirmative action.[5] While the court in Rogers acknowledged that the legislative history of § 503 indicated that the section has an "antidiscrimination component," the court held that "[t]he principal thrust is to ensure that federal contractors will take affirmative steps to employ the handicapped."[6] *Id.* at

---

**3.** Since the application of § 503 to this action is limited to the pre–1992 version of that section, the Court expresses no opinion on the effect of the 1992 amendments on § 503.

**4.** Section 504 of the Rehabilitation Act of 1973 applies to federal grantees and provides that no disabled individual "shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ." 29 U.S.C. § 794 (*as cited in Rogers,* 611 F.2d at 1077 n. 1).

**5.** The DOL apparently assumes that the statute itself requires affirmative action on the part of federal contractors, and, thus, only argues the issue of whether the statute also prohibits discrimination.

**6.** The *Rogers* court also noted that the affirmative action clause which is inserted into federal contracts bars discrimination against disabled individuals. The Court finds, however, that the nondiscrimination clause in the contract is not relevant to the issue of whether § 503 itself bars discrimination against disabled individuals. Id. at 1079 n. 5.

1079 n. 5. Although the legislative history of § 503 may be somewhat ambiguous, the Court finds that the language of the section is clear and unambiguous and, therefore, resort to legislative history as to the issue before the Court is unnecessary.

The DOL cites several district court cases from other circuits as support for its conclusion that § 503 prohibits discrimination. *See, e.g., Davis v. Modine Mfg. Co.,* 526 F.Supp. 943, 948–54 (D.Kan.1981); *California Paralyzed Veterans Assn. v. FCC,* 496 F.Supp. 125, 130 (C.D.Cal.1980); *Hart v. County of Alameda,* 485 F.Supp. 66, 73–75 (N.D.Cal.1979); *Chaplin v. Consolidated Edison Co. of NY, Inc.,* 482 F.Supp. 1165, 1171 (S.D.N.Y.1980) (each holding that § 503 provides a private right of action to disabled individuals and that it bars (or appears to bar) discrimination). The common factor in each of these cases is that the courts found that § 503 provided disabled individuals with a private right of action against federal contractors. In light of *Rogers,* a Fifth Circuit case holding the contrary, the Court finds these cases unpersuasive on the issue of whether § 503 bars discrimination.[7]

The DOL also cites a case which holds that § 503 provides no private right of action, but does prohibit discrimination. *See Fisher v. City of Tucson,* 663 F.2d 861, 864 (9th Cir. 1981) ("It is no doubt true that the affirmative action requirement impliedly mandates that contractors not discriminate against the handicapped."). While the Court has some reservations about the logic of this statement from *Fisher,* it is inapplicable to this action because the Court has held that § 503 does not itself mandate affirmative action on the part of federal contractors, so the extension of the affirmative action requirement found by the court *in Fisher* will not be found here.

Finally, the DOL argues that it was the intent of Congress to prohibit discrimination in § 503. The language of § 503 is clear and unambiguous: it neither requires affirmative action nor prohibits discrimination. Section 503 simply mandates that federal departments and agencies insert a contractual provision into certain federal contracts with outside contractors. It places the onus on the government, not on the private contractor. *See Wood v. Diamond State Tel. Co.,* 440 F.Supp. 1003, 1009 (D.Del.1977) (holding that § 503 "does not make discrimination against handicapped persons in the private sector illegal. Rather, it requires that an 'affirmative action' covenant be inserted in all government contracts."). A comparison with § 504 of the Rehabilitation Act of 1973 provides useful insight into the question of the intent of Congress. Section 504 applies to federal grantees and provides that no disabled individual "shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794 (*as* cited in *Rogers,* 611 F.2d at 1077 n. 1). It is clear that Congress understood how to directly bar discrimination against the disabled, and they did so in § 504. While the ultimate goals of § 503 and § 504 may be the same, the method by which these two sections attack the problem of job opportunities for the disabled are markedly different. The fact that Congress failed to include language barring federal contractors from discriminating against the disabled in § 503 but did include such

---

**7.** The persuasive value of these cases has been further undercut by the fact that subsequent circuit court decisions in each of the applicable circuits have held that § 503 does not provide a private right of action to individuals with disabilities. *See Hodges v. Atchison, Topeka and Santa Fe Ry. Co.,* 728 F.2d 414, 416 (10th Cir.), *cert. denied,* 469 U.S. 822, 105 S.Ct. 97, 83 L.Ed.2d 43 (1984); *Fisher v. City of Tucson,* 663 F.2d 861, 864 (9th Cir.1981), *cert. denied,* 459 U.S. 881, 103 S.Ct. 178, 74 L.Ed.2d 146 (1982); *and Davis v. United Air Lines, Inc.,* 662 F.2d 120, 122–27 (2nd Cir.1981), *cert. denied,* 456 U.S. 965, 102 S.Ct. 2045, 72 L.Ed.2d 490 (1982). In fact, the majority of courts have rejected the notion that § 503 provides a private right of action. *See, e.g., Ernst v. Indiana Bell Tel.* Co., 717 F.2d 1036, 1038 (7th Cir.1983), *cert. denied,* 464 U.S. 1041, 104 S.Ct. 707, 79 L.Ed.2d 171 (1984); *Painter v. Horne Bros., Inc.,* 710 F.2d 143, 144 (4th Cir. 1983); *Davis v. Ohio Barge Line, Inc.,* 697 F.2d 549, 556 (3rd Cir.1983); *Simon v. St. Louis County,* 656 F.2d 316, 319 (8th Cir.1981), *cert. denied,* 455 U.S. 976, 102 S.Ct. 1485, 71 L.Ed.2d 688 (1982); *Hoopes v. Equifax, Inc.,* 611 F.2d 134, 135 (6th Cir.1979); *Ortega v. Rhone–Poulenc of Wyo.,* L.P., 842 F.Supp. 488, 494 (D.Wyo. 1994); *Healy v. Bergman, 609* F.Supp. 1448, 1449 (D.Mass.1985).

language as to federal grantees in § 504, indicates that Congress did not intend in § 503 to directly bar such discrimination by federal contractors. See *Rogers,* 611 F.2d at 1083.

With respect to federal contractors, Congress chose to attack discrimination against the disabled in a different manner, by requiring that certain federal contracts include an affirmative action covenant. It is not for the courts to question the wisdom of Congress in making such a distinction, often made after negotiation and compromise among members of Congress. Rather, courts must apply the law as it is written. Section 503, by its express terms does not prohibit federal contractors from discriminating against individuals with disabilities and it does not require that federal contractors implement affirmative action in favor of individuals with disabilities.

The Court notes that the American cannot discriminate against the disabled with impunity simply because § 503 does not prohibit such discrimination. Other federal statutes prohibit discrimination against the disabled by any employer. Further, in the instant action, American is still bound by its contract with the federal government which includes both an affirmative action and a nondiscrimination covenant. Section 503 charges the DOL with investigating any complaint that a federal contractor has failed to comply with its contractual obligations. It also authorizes the DOL to take such action "as the facts and circumstances warrant, consistent with the terms of such contract and the laws and regulations applicable thereto." 29 U.S.C. § 793(b). The approach utilized by Congress with respect to federal contractors "suggests that the duties imposed are to be duties assumed by contract and that the exposure of the contractor is to be limited to the terms of his contract and of any statutes and regulations applicable thereto." Wood, 440 F.Supp. at 1009. Accordingly, although § 503 does not authorize the DOL to prosecute American for disability discrimination, it does authorize the DOL to enforce American's contractual obligations.

## IV. Conclusion

For the above-stated reasons, the Court hereby holds that § 503 of the Rehabilitation Act of 1973 does not prohibit discrimination by American against individuals with disabilities and further, does not authorize the DOL to prosecute American for such alleged discrimination under the section itself.

It is, therefore, ORDERED that the DOL's Motion for Summary Judgment filed on October 3, 1995 (doc. # 41) is hereby DENIED.

It is further ORDERED that American's Motion for Summary Judgment filed on March 29, 1995 (doc. # 28) is hereby GRANTED insofar as it seeks a declaratory judgment on the issue of whether § 503 authorizes the DOL to administratively prosecute American for discrimination against individuals with disabilities.

It is further ORDERED that § 503 of the Rehabilitation Act of 1973, 29 U.S.C. § 793, prior to the 1992 amendments, does not provide the DOL with authority to administratively prosecute American for alleged discrimination against individuals with disabilities.

SO ORDERED.